## JOEL KNAPP *vs.* HORATIO SLOCOMB.

Under the practice act, *St.* 1852, *c.* 312, § 2, a declaration in tort for breaking and entering a close need not contain any averment of time.

In an action of tort for breaking and entering a close and removing a fence, the defendant, under an answer which only denies the breaking and entering, cannot disprove the removal of the fence.

Under the practice act, *St.* 1852, *c.* 312, §§ 14, 26, a defendant who answers that he can neither admit nor deny, but leaves the plaintiff to prove the allegations in the declaration, may introduce evidence to rebut the plaintiff's case.

ACTION OF TORT for breaking and entering the plaintiff's close in Sutton, described in the declaration, and removing a stone wall and stakes of the plaintiff. The declaration contained no averment of time. The defendant in his answer alleged that he was ignorant whether the close described in the declaration belonged to the plaintiff, and whether he entered the plaintiff's close, and therefore could neither admit nor deny those allegations, but left the plaintiff to prove the same; and further answered that, if the plaintiff should prove that the defendant entered the plaintiff's close, then the defendant would prove that he entered with the consent and at the request of the plaintiff. Trial and verdict for the plaintiff in the court of common pleas, before *Aiken,* J., who signed this bill of exceptions:

" The plaintiff proved his title to the close, and the entry of the defendant, as alleged; and introduced evidence that the defendant moved a stone wall from the line which divided the land of the parties, upon the land of the plaintiff, and took and carried away a number of stakes, the property of the plaintiff. He also proved, the defendant's counsel objecting, that said entry was made in June 1855.

" The defendant proved a request by the plaintiff to the defendant to repair the line fence between the plaintiff and the defendant; and offered to prove that in pursuance of said request he entered the close, and that what he did thereon was done in pursuance of said request. The court permitted the

defendant to prove said request, and that he entered said close in pursuance thereof; but ruled that the defendant could not justify the other acts he did on the close, as being done under said request, as he had not in his answer set forth any such grounds of defence.

" The defendant then offered evidence, for the purpose of contradicting the evidence of the plaintiff, that he did not move the stone wall as alleged in the plaintiff's writ. But the court excluded the evidence.

" The defendant then offered evidence, for the purpose of disproving the plaintiff's title and possession, that the title to a portion of the close described in the plaintiff's declaration was in a third person, and not in the plaintiff. But the court excluded the evidence. To all which rulings the defendant excepts."

*C. E. Pratt*, for the defendant.

*F. H. Dewey*, for the plaintiff.

BIGELOW, J. 1. The objection, that evidence of the time of the commission of the trespass charged in the declaration was inadmissible, because there. was no averment of time in the declaration, cannot be sustained. One of the main purposes of the practice act was to dispense with all useless and immaterial averments, which under the old rules of pleading were deemed essential. But in an action of trespass, charging only a single act, the allegation of time was never made with accuracy; the plaintiff being at liberty to prove any one act of trespass, committed at any time before the commencement of the action, either before or after the day laid in the declaration. *Pierce* v. *Pickens*, 16 Mass. 472. The averment of time therefore, in a declaration for trespass under the old form of pleading, gave the defendant no notice of the exact day on which the act charged took place. It was a merely formal averment. It therefore comes within the second clause of § 2 of the practice act, which provides that no averment need be made, which the law does not require a party to prove. The declaration in the present action conforms to the form given for actions of trespass *quare clausum* in the schedule annexed to *St.* 1852, *c.* 312.

2. The second exception is founded on the ruling of the court, excluding evidence offered by the defendant to show that he did not commit the acts, alleged in the declaration, upon the plaintiff's close after his entry thereon. This ruling was right. The gist of the action was the breaking and entering of the plaintiff's close. All the other averments in the declaration were incidental to this allegation, and were inserted only by way of aggravation of the principal injury. They were not essential to the maintenance of the action, and could be proved only as affecting the amount of damages. *Gilbert* v. *Thompson,* 9 Cush. 348. Nor could the plaintiff have supported his action by proof of these allegations without evidence to show a forcible entry of his close. If therefore the defendant had proved a justification of the entry by a license from the plaintiff, he would have made out a complete defence to the plaintiff's entire case, and would have been entitled to a verdict, although he had shown no justification for the other acts alleged by way of aggravation. He would thus have rebutted the gist of the action, and all incidental matters would necessarily have fallen with it. This is the familiar rule at common law, and it remains unchanged by express provision in section 6 of the practice act.

But these averments of acts done after the entry, in aggravation of the principal injury, were properly made in the declaration. Without them the plaintiff would not have been entitled to damages for their commission, because, being in their nature special damages, not necessarily flowing from the forcible entry on the plaintiff's close, they could not have been recovered unless specially averred. *Baldwin* v. *Western Railroad,* 4 Gray, 333. They were therefore substantial facts distinctly averred. If the defendant intended to controvert them, it was his duty to deny them ; and not having done so, he was rightly held at the trial to have admitted them under section 26 of the practice act.

3. The remaining exception seems to us to be well taken. The defendant offered evidence to show that the plaintiff had no title to the close, and was not in possession of the premises at the time of the alleged trespass. This evidence was rejected

by the court, and, we think, erroneously. The denial of the defendant was in the form required by the practice act when he is ignorant of any fact stated in the plaintiff's declaration. It was therefore the duty of the plaintiff to prove it. It was a fact in issue, in like manner as if it had been distinctly denied by the defendant as being within his own knowledge. Being in issue, and open to proof by the plaintiff, it was competent for the defendant to produce evidence to disprove the allegation. It was denied according to the requirement of the practice act, and could not properly be deemed to have been admitted. If this were not so, it would follow that no fact could be put in issue and tried, which the defendant was not able to deny on his own knowledge in clear and distinct terms. Such a construction would be contrary to the express provisions of §§ 14 and 26 of the practice act.    *Exceptions sustained.*